**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| ERIC DRAKE, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:20-CV-0344-N-BH |
| | ) | |
| SAFEWAY, INC., et al., | ) | |
| Defendants. | ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Before for the Court is *Defendant Safeway Inc.'s Notice of Removal*, filed February 12, 2020 (doc. 1.)  Prior sanctions orders against the plaintiff should be honored, and this action should be dismissed without prejudice to the refiling after he obtains leave of court to pursue his claims.

## I.  BACKGROUND

On July 16, 2018, Eric Drake (Plaintiff) filed suit against Safeway Inc. (Safeway) and other affiliated defendants in the Western District of Oklahoma, alleging that he broke a tooth on a small bone while eating ground beef that he had purchased at a store that it owned in Dallas County, Texas.  *See Drake v. Safeway Inc. et al.*, No. 3:18-CV-3120-S-BT (N.D. Tex. July 16, 2018), doc. 1.  After that case was transferred to this district on November 27, 2018, Plaintiff subsequently sought to voluntarily dismiss it on December 3, 2018, and it was ultimately dismissed on May 2, 2019.  (*See id.*, docs. 16, 20, 28, 30, 31.)

On January 3, 2019, Plaintiff filed a second lawsuit over his broken tooth against Safeway and other defendants in the California Northern District, which transferred the case to this district on August 20, 2019.  *See Drake v. Safeway Inc., et al.*, No. 3:19-CV-2002-N-BK (N.D. Tex.), docs. 1, 29.  That second case was automatically dismissed on September 13, 2019, based on prior

---

[1]By *Special Order 3-251*, this *pro se* case has been automatically referred for full case management.

sanctions orders against Plaintiff. (*Id.*, doc. 32.)

On December 31, 2019, Plaintiff filed this third action against Safeway over his broken tooth in a state district court in Dallas County, and was allowed to proceed *informa pauperis*. (*See* doc. 1 at 13-49, 88.)[2] He amended his complaint on January 3, 2020, and again on February 4, 2020, to add other defendants. (*See id.* at 101, 104-140, 218-249.) After answering this third lawsuit, Safeway removed it to this court on the basis of diversity jurisdiction on February 12, 2020. (*See id.* at 1, 3.)

## II. PRIOR SANCTIONS

Plaintiff has filed numerous cases in this district as well as in others across the United States and has been sanctioned for his vexatious litigation practices. *See Drake v. Nordstrom Dept. Stores*, No. 3:18-CV-471-D-BN (N.D. Tex.), doc. 5 at 1. The Eastern District of Texas has noted his long history of vexatious litigation in that district and elsewhere, and it has prohibited him from proceeding *in forma pauperis* in any civil action in that district without first obtaining leave. (*See id.* at 1-3, quoting *In re Eric Drake*, No. 4:17-MC-ALM-CAN, 2018 WL 912894, at *1 n.2 (E.D. Tex. Jan. 10, 2018), *rec. adopted*, 2018 WL 905560 (E.D. Tex. Feb. 15, 2018).) It imposed the following sanctions on him in 2012:

> Eric Drake is prohibited from proceeding *in forma pauperis* with any civil action in this court – whether he filed it in this court, he filed it in another court and it was removed to this court, or he filed in another federal court and it was transferred to this court – unless he first obtains from a district judge of this court leave to proceed *in forma pauperis* in this court. If a civil action is removed or transferred to this court, the case will be subject to summary dismissal unless, within 30 days of the date of removal or transfer, Drake seeks, in writing, leave from a district judge of this court to proceed in this court.

(*Id.* at 3, quoting *Eric Drake v. Travelers Indem. Co. Consumer Cty. Mut. Ins. Co.*, No. 2:11-cv-

---

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

00318-MHS-CMC, Dkt. No. 11 at 6 (E.D. Tex. Mar. 16, 2012).)

Based on the sanctions imposed in the Eastern District, this district has recently denied Plaintiff leave to proceed *in forma pauperis* and dismissed a lawsuit without prejudice to refiling only after obtaining leave to file it from a district judge. *See Drake*, No. 3:18-CV-471-D-BN, docs. 5, 9, 10. Based on the dismissal in No. 3:18-CV-471-D-BN, as well as the sanctions order from the Eastern District, Plaintiff's second lawsuit against Safeway was subsequently also dismissed. *See Drake*, No. 3:19-CV-2002-N-BK (N.D. Tex.), doc. 32.

Courts observe and enforce their own sanctions orders. *Sabedra v. Meadows*, No. 3:05-CV-1304-L, 2006 WL 1499985, at *1 (N.D. Tex. May 5, 2006) (recommendation of Mag. J.), *accepted by* 2006 WL 1571669 (N.D. Tex. May 31, 2006). This district also routinely "'honors sanctions imposed by other federal district courts in Texas' against ... vexatious litigants." *Drake*, No. 3:18-CV-471-D-BN, doc. 5 at 4 (quoting *Roy v. Ass'n Comm. to Elect Rev. Dr. Kamal K. Roy*, No. 3:08-CV-327-N, 2008 WL 1970945, at *2 (N.D. Tex. May 5, 2008); *see also Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1999) (affirming dismissal of case based on another district's sanction order). The Court should honor the sanctions orders against Plaintiff from the Eastern District as well as the prior dismissal of Plaintiff's cases in this district based on those sanctions orders.

### III.  RECOMMENDATION

This removed lawsuit should be summarily **DISMISSED** without prejudice to refiling it only after Plaintiff has obtained leave to file it from a district judge of this Court.

**SIGNED this 14th day of February, 2020.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE